IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| EMMETT JOSHUA MORPHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF DICKSON, TENNESSEE, ) | NO. 3:12-cv-0989 |
| DICKSON POLICE OFFICER SETH ) | |
| GOODWIN (individually and in ) | JURY DEMAND |
| his official capacity), ) | |
| DICKSON POLICE OFFICER ROB ) | JUDGE NIXON |
| PEELER individually and in ) | |
| his official capacity), and ) | MAGISTRATE JUDGE GRIFFIN |
| ONE OR MORE DICKSON POLICE ) | |
| OFFICERS "JOHN DOES" ) | |
| (individually and/or in their ) | |
| official capacities) ) | |
| ) | |
| Defendants. ) | |

# INITIAL CASE MANAGEMENT ORDER #1

Pursuant to the Notice of Initial Case Management Conference issued by the Clerk, the parties submit the following Proposed Case Management Order:

**I. Jurisdiction and venue.** Federal jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343 et. seq., and this case is brought under the authority of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Defendants deny that the Court should exercise supplemental jurisdiction over Plaintiff's State law claims.

**II. The parties' theories of the case.**

(a) <u>Plaintiff's theory of the case.</u>

It is the Plaintiff's theory of the case that he was subjected to excessive use of force, and other tortious conduct by Dickson City Officer Seth Goodwin, Rob Peeler and one or more other Dickson Police Officers, "John Does" on November 6, 2011. The Plaintiff, on November 6, 2011 was traveling Southbound on Highway 46 in Dickson County, Tennessee and suffered a loss of consciousness due to a medical condition. As a result, Plaintiff's vehicle left the roadway and came to a stop behind a building located on Highway 46 South. The Plaintiff had a medical emergency. The Plaintiff had committed no crime and was not a danger to himself or to others. The Plaintiff was severely injured when he was assaulted by Officer Goodwin, Officer Peeler and any "John Does". Additionally, one (1) or more officers failed to intercede and stop the violation of civil rights. It is also the Plaintiff's theory that the City of Dickson failed to properly train and/or supervise Officer Goodwin, Officer Peeler and the Defendants, John Does; therefore, the City of Dickson, Tennessee is vicariously liable for Officer Goodwin, Officer Peeler and the Defendant's John Does' tortious conduct. The City is also directly liable for its deliberate indifference in hiring and supervising certain officers, and for its failure to train. It is the Plaintiff's theory that the excessive use of force was a violation of his civil rights.

(b) <u>Defendant's theory of the case</u>

Defendants deny that Plaintiff was subjected to excessive use of force or any other tortious conduct by any officer of the City of Dickson Police Department on November 6, 2011. On said date, Dickson Police Department officers, including Defendants Goodwin and Peeler, were responding to a request for assistance by a Tennessee Highway Patrol officer who was in pursuit of the Plaintiff after Plaintiff struck another vehicle and then fled the scene. Upon arrival on the scene, Defendants discovered that in his attempt to flee from the Tennessee Highway Patrol officer, Plaintiff had travelled Southbound on Highway 46 in Dickson County, Tennessee, for some distance before leaving the roadway, travelling uphill and attempting to navigate around a culvert. Plaintiff was unable to get around the culvert and got his truck stuck such that it was suspended over a depth of approximately 10 feet. Plaintiff, who was alert, awake and moving around within the cab of the truck, failed to comply with officer commands for an extended period of time. Defendants aver that at all times Defendants Seth Goodwin and Rob Peeler acted as any reasonable officer would under the facts and circumstances of the situation. Defendants affirm and plea that they cannot be liable to Plaintiff because at all times Defendants Goodwin and Peeler acted in the course and scope of his discretionary authority and did not violate any clearly established statutory or constitutional right of which a reasonable officer would have known.

Defendant City of Dickson, Tennessee asserts that there is no

vicarious liability or respondeat superior theory of recovery against it pursuant to 42 U.S.C. § 1983. Liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who is alleged to have engaged in some form of unconstitutional conduct. Defendant City of Dickson, Tennessee denies that any alleged violation of Plaintiff's constitutional rights was caused by or resulted from an official policy or custom of the City of Dickson, Tennessee and/or any alleged failure to train and/or supervise. Defendant City of Dickson, Tennessee asserts that any state law claims against it are subject to the Tennessee Governmental Tort Liability Act and all the defenses and immunities available therein.

Defendants Rob Peeler and Seth Goodwin are entitled to qualified immunity pursuant to 42 U.S.C. §1983. At all times relevant to this action, Defendants Peeler and Goodwin acted as any reasonable officer would under the facts and circumstances of the situation. Defendants affirm and plea that they cannot be liable to Plaintiff because at all times Defendants Peeler and Goodwin acted in the course and scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable officer would have known, thereby entitling them to qualified immunity from suit and damages.

The Defendants further aver that punitive damages are not recoverable against the City of Dickson or under the Tennessee Governmental Tort Liability Act and that the Defendants Seth

Goodwin and Rob Peeler, as employees of City of Dickson, Tennessee pursuant to Tennessee Code Annotated §29-20-102(2), are immune from suit and none may be brought against them as set forth in §29-20-310(b).

**III. Schedule of events.**

(a) The parties shall exchange Rule 26(a)(1) initial disclosures on or before <u>January 25, 2013</u>;

(b) The Plaintiff shall make Rule 26(a)(2)(B)-(C) disclosures, if any, on or before ~~August 22, 2013~~;

(c) The Defendant shall make Rule 26(a)(2)(B)-(C) disclosures, if any, on or before ~~November 21, 2013~~;

(d) All written discovery shall be submitted on or before ~~July 23, 2013~~;

(e) The deadline for filing Motions to Amend the Pleadings is ~~July 30, 2013~~;

(f) All depositions of fact witnesses shall be completed on or before ~~December 6, 2013~~;

(g) All dispositive motions shall be filed not later than the close of business on February 17, 2014.

(h) All responses to dispositive motions shall be filed on or before March 19, 2014 or not later than thirty (30) days following the filing of any Motion, whichever is earlier; and

(i) Replies to dispositive motions are not required; however, all replies to dispositive motions must be filed on or before fourteen (14) days following the filing of any response.

(j) The deadline for filing discovery related Motions regarding fact discovery is December 13, 2013.

IV. **Estimated trial time.**

It is anticipated that the trial will take three (3) days.

V. **Trial date.**

~~This~~ action is set for trial on July 15, 2014, at ~~9:00~~ a.m. The Pretrial Conference is set for ~~June 27,~~ 2014, ~~at 1~~0:00 a.m.

**IT IS SO ORDERED.**

_____
JULIET GRIFFIN, United States
Magistrate Judge

**APPROVED FOR ENTRY:**

s/Timothy V. Potter
**TIMOTHY V. POTTER    #17520**
**HILARY H. DUKE       #24403**
Attorneys for Plaintiff
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
hduke@rprvlaw.com

s/Mark Nolan
**MARK NOLAN           #15859**
**KATHRYN W. OLITA     #23075**
**DAN NOLAN            #3070**
Attorneys for Defendants
Batson Nolan, PLC
121 South Third Street

Clarksville, Tennessee   37040
931.647.1501
931.553.0153 Facsimile
dmnolan@batsonnolan.com
kwolita@batsonnolan.com